Jared Green
Bar No. 10059
GREEN UNGUREN, LLC
3775 Breakthrough Way, Suite 210
Las Vegas, NV 89135
Tel: 702.475.6454
jared@theGUfirm.com

Jeremy Fielding, P.C. *(pro hac vice)*
Bar No. 24040895 (TX)
KIRKLAND & ELLIS LLP
4550 Travis St
Dallas, TX 75205
Tel: 214.972.1770
jeremy.fielding@kirkland.com

Zack C. Ewing *(pro hac vice)*
Bar No. 24113650 (TX)
KIRKLAND & ELLIS LLP
401 W 4th Street
Austin, TX 78701
Tel: 512.678.9100
zack.ewing@kirkland.com

*Attorneys for Defendant Centuri Group, Inc.*

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

|  |  |
|---|---|
| STEPHEN J. ADAMS II, an individual; and ROBERT C. LYONS, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CENTURI GROUP, INC., a Nevada corporation; DOE INDIVIDUALS I-X; and ROE BUSINESS ENTITIES I-X <br><br> Defendants. | Case No.2:26–cv–00045–CDS–MDC <br><br><br> **STIPULATION AND ORDER TO STAY DISCOVERY PENDING RESOLUTION OF CENTURI'S MOTION TO DISMISS [ECF NO. 14]** |

Plaintiffs Stephen J. Adams II and Robert C. Lyons (collectively, "Plaintiffs") and Defendant Centuri Group, Inc. (together with Plaintiffs, the "Parties"), by and through their undersigned counsel of record, hereby stipulate to stay discovery pending resolution of Defendant's Motion to Dismiss and agree as follows:

1.      On January 5, 2026, Plaintiffs initiated this action in the Eighth Judicial District Court for Clark County, Nevada.

2.      On January 9, 2026, Defendant timely removed this action to the United States District Court for the District of Nevada. ECF No. 1.

3.      On January 30, 2026, Defendant filed its Motion to Dismiss Plaintiffs' Complaint. ECF No. 14. Plaintiffs filed their Response to Defendant's Motion to Dismiss on February 20, 2026. ECF No. 21. On March 6, 2026, Defendant filed its Reply in Support of its Motion to Dismiss. ECF No. 26.

4.      "[T]he court may grant motions to stay discovery when a dispositive motion is pending if (1) the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery." *Wooters v. Experian Info. Sols.*, No. 222CV01691CDSBNW, 2023 WL 3584109, at *3 (D. Nev. May 22, 2023).

5.      "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Id*. (quoting *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004)). Harm or prejudice may result when proceeding with discovery prior to the resolution of a pending motion to dismiss will result in "undue burden or expense." *Id*.

6.      Factors the Court considers in determining whether discovery will result in undue burden or expense include but are not limited to: "the complexity of the claim(s) at issue, the

2

number of claims asserted, the number of parties involved in the litigation, the number of witnesses including experts, [and] the volume of documents at issue." *Id*.

7.      Ultimately, in deciding a motion to stay discovery, the Court must "determine whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Id*. (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011) (internal quotation omitted).

8.      Plaintiff brings causes of action for breach of contract, breach of covenant of good faith and fair dealing, and tortious breach of covenant of good faith and fair dealing. Plaintiffs' claims arise out of Employment Agreements they entered with Defendant. Plaintiffs claim they are entitled to certain severance benefits set forth in the Employment Agreements due to the occurrence of a "Change of Control," as defined by the Employment Agreements.

9.      Defendant's Motion to Dismiss challenges the core legal issues presented in this case and whether Plaintiffs have adequately pled breach of contract and good faith and fair dealing claims arising out of the Employment Agreements. Defendant's Motion to Dismiss can be decided as a matter of law because it raises arguments solely in response to the allegations contained in the Complaint and the terms of the Employment Agreements, which are incorporated into the Complaint by reference.

10.      Defendant's Motion to Dismiss is a dispositive motion that is brought under Fed. R. Civ. P. 12(b)(6) and should therefore be decided without further discovery. The Motion to Dismiss asks the Court to interpret and apply the Employment Agreements as a matter of law and thus presents questions the Court can resolve without the need for discovery.

11.    Good cause exists to stay discovery. Proceeding with discovery before the Court resolves the pending Motion to Dismiss would require the parties to engage in extensive and costly discovery that may become unnecessary if Defendants' Motion to Dismiss is granted in full or in part. Plaintiffs are individuals that are funding this litigation on their own and this case involves complex claims with the potential for voluminous discovery. For example, Plaintiffs' claims arise out of their employment and termination from Defendant and the circumstances thereof. In addition, Plaintiffs' claims implicate Southwest Gas Holdings, Inc.'s public offering of shares of Centuri common stock. Without a stay of discovery, the Parties will be forced to engage in time-intensive discovery on these, and other, complex issues while Defendants' Motion to Dismiss is pending.

12.    Staying discovery pending resolution of the Motion to Dismiss will conserve the resources of the parties and ensure that any discovery that proceeds is appropriately tailored to the claims and issues as defined by the Court's ruling on the Motion to Dismiss.

13.    This stipulation is entered into solely for purposes of efficiency, proportionality, and case management. Plaintiffs do not concede the merits of the Defendant's Motion to Dismiss, and Defendant does not concede the merits of the Plaintiffs' response thereto.

14.    Accordingly, the Parties stipulate and agree that all discovery in this action shall be stayed pending the Court's resolution of the pending Motion to Dismiss.

DATED this 12th day of March, 2026

SEMENZA RICKARD LAW

*/s/ Jarrod L. Rickard*
Jarrod L. Rickard, Esq., Bar No. 10203
Katie L. Cannata, Esq. Bar No. 14848
10161 Park Run Drive, Ste. 150
Las Vegas, Nevada 89145
*Attorneys for Plaintiffs Stephen J. Adams and Robert C. Lyons*

DATED this 12th day of March, 2026

GREEN UNGUREN LLC

*/s/ Jared P. Green*
Jared Green, Esq., Bar No. 10059
Brian Unguren, Esq., Bar No. 14427
3755 Breakthrough Way, Ste. 210
Las Vegas, Nevada 89135

Jeremy Fielding, P.C. (*pro hac vice*)
Bar No. 24040895 (TX)
KIRKLAND & ELLIS LLP
4550 Travis St
Dallas, TX 75205

Zack C. Ewing (*pro hac vice*)
Bar No. 24113650 (TX)
KIRKLAND & ELLIS LLP
401 W 4th Street
Austin, TX 78701
*Attorneys for Defendant Centuri Group Inc.*

**STIPULATION AND ORDER TO STAY DISCOVERY PENDING MOTION TO DISMISS [ECF NO. 14]**

## ORDER

Finding good cause exists, it is ordered that counsel of record's stipulation to stay discovery pending (ECF No. 27) resolution of Defendant's Motion to Dismiss [ECF No. 14] is granted. It is further ordered that the proposed stipulated discovery plan (ECF No. 28) is denied as moot. The parties shall submit an amended stipulated discovery plan and scheduling order within 21 days of a decision denying, in whole or in part, defendant's motion to dismiss (ECF No. 14).

IT IS SO ORDERED.

_____
United States Magistrate Judge

DATED: _3-16-26_____

6